OPINION of the Court, by
Judge Clark
This was an action of assumpsit ; the declaration contained four counts ; the first two were on special agreements, by which Maxwell, the defendant in the court below, agreed to freight two hogsheads of tobacco for Evans to Orleans, and sell the same at the price he should sell his own, and return the money to Evans, in considera-lion of one dollar per hundred weight gross; and in per hundred weight gross; case the tobacco should be lost on the way, Evans was to lose his tobacco and Maxwell his freightage. The other two were general counts. Plea non assumpsit, and verdict and judgment for the plaintiff; to which the defendant below prosecutes this Writ of error.
From the evidence given on the trial, which is contained in two bills of exceptions, it appeared that Maxwell had received of Evans two hogsheads of tobacco, to be freighted to Orleans on the terms above stated ; that the tobacco was landed at Orleans and stored with J , r.. . , . . . onn tday, a commission merchant, with directions to sell ; that Clay sold the tobacco for four dollars twenty-five cents per hundred weight ; that it was usual for those who took produce to Orleans, if they could not sell to store it up ; that Clay some time after the sale of the tobacco failed and became a bankrupt, but was at the time the tobacco was stored generally considered in good circumstances. Maxwell having failed to collect and pay over the money to Evans, he prosecuted this suit.
For the plaintiff in error it is contended he has shewn ordinary diligence in the management of the property confided to his care, which was all the law required of him, the contract being reciprocally beneficial to both parties.
Admitting this position to he correct, yet the judgment of the inferior court must be affirmed, for we think the testimony does not shew ordinary diligence on the part of the plaintiff. The insolvency of Clay cannot excuse him, because, in the first j dace, he has not shewn his inability to sell the tobacco, so as to render it necessary to employ him as a commission merchant, or l AH by the usages of trade at Orleans he was justifia- *400 Me in storing up the tobacco with authority to self, It can be no excuse for the plaintiff that he employed a person to execute the trust which had been confided to himself, who from his insolvent circumstances was unable to pay over the money he had received, without shewing his own inability to find a market for it. That Clay was generallj' supposed to be in good circumstances, and was in the habit of doing commission business, when the tobacco was stored with him, is proven ; yet for aught that appears the plaintiff could have sold upon as advantageous terms as the person he employed, in which event he should have done so, and not employed a third person. It was not bestowing on it that degree of care which every prudent man would upon his own property.
Upon the subject of diligence, the usage of the place where the business is to be transacted ought to have considerable weight. If, therefore, it was the general custom at Orleans to store tobacco with commission merchants to sell, without the owner’s making any effort himself to do so, the plaintiff must stand excused, if he had used due diligence to collect the money after the sale had been made. But the usage, if any is proven, is for those trading to Orleans with produce, to store it only in case they cannot find a market.
In the second place, he has not shewn the time when Clay failed ; and for any thing that appears to the contrary, the length of time between the sale and his failure might have been so great it would have been inexcusable negligence in the plaintiff not to have collected it. The fact is that some time alter the tobacco was sold Clay tailed, but how long does not appear, nor has the plaintiff shewn any application by him for the money.
judgment affirmed, with costs and damages.